## EL PUEBLO, DEMANDANTE Y APELADO, v. BANKS, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Guayama en causa sobre adulterio.

No. 1378.—Resuelto en abril 25, 1919.

EVIDENCIA QUE TIENDE A INCRIMINAR AL TESTIGO—PRIVILEGIO DE UN TESTIGO PARA NO DECLARAR—ARTÍCULO 164 DE LA LEY DE EVIDENCIA.—El hecho de que un testigo produzca evidencia que tienda a incriminarle no da derecho a ninguna de las partes para objetar la evidencia así producida, pues el privilegio de abstenerse de producirla no pertenece a los litigantes sino al testigo; y no hace variar la regla el hecho de que el testigo haya dado la evidencia compulsoria o voluntariamente.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. Manuel A. Martínez.
Abogado del apelado: Sr. S. Mestre, Fiscal.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La Corte de Distrito de Guayama dictó sentencia en junio 10, 1918 declarando al acusado apelante Tomás Banks culpable del delito de adulterio e imponiéndole la pena de un año de. cárcel sin costas a virtud de acusación formulada contra el mismo, en que se le imputa el hecho de que el día 17 de abril del mismo año, dentro del Distrito Judicial de Guayama, ilegal, voluntaria y maliciosamente, había tenido comercio carnal con Mónica Pagán que no era su esposa, siendo dicho Tomás Banks casado con Herminia Vega.

Contra esa sentencia interpuso el acusado recurso de apelación para ante esta Corte Suprema alegando como motivos del recurso los siguientes:

(a) Que la corte cometió error al negar la instrucción solicitada por la defensa al declarar la testigo Mónica Pagán y en el momento en que el fiscal le hacía la siguiente pregunta: "¿Y qué hacía Ud. allí con Tomás Banks momentos antes de llegar su papá, que habían hecho Uds. allí?"

(b) Que la sentencia es contraria a la prueba.

(c) Que la sentencia es contraria a derecho.

Del escrito de exposición del caso aparece que el abogado del acusado se opuso a que la testigo Mónica Pagán contestara la pregunta que se deja transcrita, hecha por el fiscal, porque la corte debía instruirla del derecho de no contestar una pregunta que podía incriminarla, y que el juez la instruyó de que si bien tenía derecho a no contestar preguntas que la incriminaran estaba en la obligación de decir la verdad como testigo, de modo que debía decir toda la verdad. La defensa excepcionó semejante instrucción por la razón de que la testigo resultaría coautora de un delito declarando sobre hechos que la incriminaban. La testigo no contestó a pesar de haberle ordenado el juez que contestara, y habiendo insistido el fiscal, a nuevas preguntas de éste contestó, con oposición de la defensa, que las puertas del salón de la escuela donde ambos se encontraban, estaban cerradas, sin que

supiera quién las cerrara y que allí estaba sola con Banks, negándose a contestar lo que hacía allí, con las palabras de que no podía declarar ante tanto público, ante cuya actitud el juez le manifestó que contestara la pregunta o la corte la pondría en la cárcel por desacato, a pesar de lo cual y de habérsele preguntado por el fiscal con instrucción del juez de que podía hacer algunas preguntas sugestivas, si tuvieron ambos actos carnales allí, acabó por contestar en sentido afirmativo.

El artículo 164 de la Ley de Evidencia previene, entre otras cosas, que "un testigo no está obligado a dar una contestación tendente a exponerle a castigo por algún delito." La testigo Mónica Pagán era realmente copartícipe en el adulterio de que se trata del cual fué acusado únicamente Tomás Banks, y ella pudo reclamar el derecho de no declarar, pero no lo hizo así, y no era fundamento de objeción sostenible por el acusado el que la evidencia inculpara al testigo, pues tal objeción podía únicamente ser interpuesta por el testigo mismo para su propia protección y en su propio favor, *Brown* v. *State,* 20 S. W. Rep. 924.

Esta cuestión fué objeto de detenido estudio en el caso de *Samuel* v. *People,* 45 N. E. Rep. 728, en el cual con apoyo de copiosa jurisprudencia sobre el particular, se sostuvo que cuando un testigo es obligado a contestar aunque él lo haya objetado, ello no es motivo de objeción por parte de cualquiera de los litigantes, pues el privilegio es del testigo y si lo renuncia es cuestión suya, no habiendo diferencia alguna en que dé su evidencia voluntariamente o bajo compulsión, pues siendo obligado a declarar en un caso donde él está privilegiado ésta es una cuestión exclusivamente entre la corte y el testigo quien puede resistirse y ser condenado por desacato o puede someterse sin que la parte tenga derecho alguno a intervenir o quejarse del error.

Como se ve, el error que pudo cometer la corte de Guayama, si es que lo cometió, conminando a Mónica Pagán a

que declarara, bajo apercibimiento de cárcel, no puede ser invocado por el apelante como motivo del recurso.

El testimonio de Mónica Pagán de haber tenido acto carnal con el acusado está corroborado por la declaración del testigo Pedro Pagán.

Pedro Pagán, padre de la Mónica, dice: "Que al entrar a la escuela por la puerta del corral vió que salía su chica de detrás de una puerta, la que empujó, y vió al acusado a quien dió dos o tres gasnatadas; que la escuela estaba completamente cerrada por el frente y sólo había abiertas dos puertas de atrás estando también cerrado el portón; que en el salón no había más nadie y que cuando entró estaban solos el acusado y su hija; que seguidamente dió cuenta a la junta escolar de lo que pasaba y después mandó a buscar al médico Mr. Mehrhof quien la reconoció."

El acusado admitió que si el Dr. Mehrhof compareciera a declarar declararía que reconoció a Mónica Pagán y no era señorita.

La testigo Inés Vázquez, conserje de la escuela, declara que Mónica Pagán al llegar su padre echó a correr y el padre le cayó a golpes a Tomás Banks y que cuando ella entró Banks le decía a Pagán: "Don Pedro, no me agolpee tanto, acábeme de matar."

El testimonio de Mónica Pagán, juntamente con el del testigo Pedro Pagán que tiende a demostrar la relación del acusado con la comisión del delito, aún prescindiendo de las demás pruebas aportadas al juicio, son bastantes para sostener la sentencia apelada, la que por tanto no puede estimarse contraria a las pruebas. Y tampoco es contraria a derecho, pues concurren en el caso todos los elementos integrantes del delito de adulterio que define y castiga el artículo 269 del Código Penal.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.